**NOT FOR PUBLICATION**

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**
**CAMDEN VICINAGE**

_____
:
RONALD IAN BOATWRIGHT,      :
                            :    Civ. No. 17-4220 (RMB)
        Petitioner,         :
                            :
    v.                      :    **OPINION**
                            :
                            :
WARDEN D. LEU,              :
                            :
        Respondent.         :
_____ :

**BUMB,** United States District Judge

On June 12, 2017, Petitioner, a prisoner confined in FCI Fairton, in Fairton, New Jersey, filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241. (Pet., ECF No. 1; Mem. of Law in Supp. of Pet. ("Petr's Mem."), ECF No. 1-2.) Petitioner asserts that jurisdiction is proper under 28 U.S.C. § 2241 because 28 U.S.C. § 2255 is inadequate or ineffective to test the legality of his detention. (Petr's Mem., ECF No. 1-2 at 1-2.) Petitioner relies on Mathis v. United States, 136 S.Ct. 2243 (2016)[1] and Holt v. United States, 843 F.3d 720 (7th

---

[1] In Mathis, the Supreme Court held that a state crime cannot qualify as an ACCA predicate if its elements are broader than those of a listed generic offense, and there is no exception in cases where the defendant is convicted under a statute that

Cir. 2016)[2], concluding that his prior convictions do not qualify him as a career offender under the ACCA, 18 U.S.C. § 924(e), and that he should be resentenced. (Id. at 2.)

Pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts, applicable to § 2241 under Rule 1, the scope of the rules, a district judge must promptly examine a petition, and "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the Clerk to notify the petitioner." For the reasons discussed below, the Court lacks jurisdiction under § 2241.

I. BACKGROUND

On July 16, 2012, Petitioner entered a guilty plea, in the United States District Court, Middle District of Pennsylvania, to charges of Conspiracy to Distribute Cocaine Base, in violation of 21 U.S.C. § 846. (Petr's Mem., ECF No. 1-2 at 2-3.) He was sentenced to a 110-month term of imprisonment, a

---

lists multiple, alternative means of satisfying one or more of its elements.

[2] In Holt v. United States, the Seventh Circuit Court of Appeals noted the Government had conceded that Mathis applied retroactively on collateral review under § 2255. 843 F.3d at 721. However, because the Supreme Court has not held that Mathis is retroactive to cases on collateral review, the Seventh Circuit held that a second or successive collateral attack under § 2255(h)(2) is not permissible. Id. at 722. The Seventh Circuit did not consider whether Holt could pursue his claim under § 2241 in the district of confinement. Id. at 724.

three-year term of supervised release, and a fine. (Id. at 3.)

According to Petitioner's presentence report, prepared under the 2011 edition of the Guidelines Manual, his base offense level was 28. (Id. at 5-6.) Petitioner's adjusted offense level was 28, and he was considered a career offender because he was at least 18 years old at the time of the instant offense, his instant offense was a felony controlled substance offense, and Petitioner had at least two prior felony convictions for either a crime of violence or a controlled substance offense. (Id. at 6.)

As a career offender, his adjusted offense level was 32, pursuant to U.S.S.G. § 4B1.1(b)(3). (Petr's Mem., ECF No. 1-2 at 6.) Petitioner received a two-level reduction for acceptance of responsibility, bringing his total offense level to 30. (Id.) His eight criminal history points placed him in a Category IV criminal history category, but as a career offender, he was bumped up to Category VI. (Id.) This resulted in a custody range of 168 to 210 months, and the plea agreement was for a sentence between 100 to 120 months imprisonment. (Id.) Petitioner objected to the PSR, but he did not file a direct appeal of the sentence, nor did he file a motion to vacate, set aside or correct sentence under 28 U.S.C. § 2255. (Id. at 6-7);

U.S. v. Boatwright, 11cr252-WWC-1, (M.D. Pa.).[3]

II. DISCUSSION

Before the Court can reach the issue of whether Petitioner is a career offender under the framework of the Mathis decision, the Court must determine whether § 2241 is the proper vehicle for Petitioner's challenge. "[A] federal prisoner's first (and most often only) route for collateral review of his conviction or sentence is under § 2255." Bruce v. Warden Lewisburg USP, No. 14-4284, 2017 WL 3597705, at *4 (3d Cir. Aug. 22, 2017). Congress, however, provided a saving clause in § 2255(e): "a federal prisoner may resort to § 2241 only if he can establish that 'the remedy by motion [under § 2255] is inadequate or ineffective to test the legality of his detention.'" Id. (citations omitted.)

Here, Petitioner has never filed a motion under 28 U.S.C. § 2255. Although there is a one-year statute of limitations period to file such a motion, the limitation period does not begin to run until the latest of certain events, one of which is "the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review." 28 U.S.C. § 2255(f)(3).

---

[3] See PACER case locator, available at https://pcl.uscourts.gov/search

If indeed the Third Circuit Court of Appeals determines that the Supreme Court in <u>Mathis</u> recognized a new right and that it is retroactive on collateral review, Petitioner is not barred by the statute of limitations from bringing his claim under § 2255. Under those conditions, § 2255 would not be an inadequate and ineffective remedy to bring a <u>Mathis</u> claim. But even if Plaintiff is ultimately barred from bringing a <u>Mathis</u> claim under the statute of limitations, § 2255 is not inadequate and ineffective solely because a petitioner cannot meet the gatekeeping requirements of § 2255. See <u>Cradle v. Miner</u>, 290 F.3d 536, 538 (3d Cir. 2002) ("Section 2255 is not inadequate or ineffective merely because ... the one-year statute of limitations has expired.") Furthermore, the <u>Dorsainvil</u> exception, permitting jurisdiction under § 2241 where § 2255 is inadequate or ineffective to bring a claim that the conduct for which a petitioner was convicted is no longer criminal, is inapplicable where the prisoner challenges his sentence enhancement. See <u>Sorrell v. Bledsoe</u>, 437 F. App'x 94, 96 (3d Cir. 2011).

III. CONCLUSION

For these reasons, this Court lacks jurisdiction over the § 2241 petition because § 2255 is not an inadequate or ineffective remedy for Petitioner's claim. Petitioner is not precluded from bringing this claim in a § 2255 motion in his sentencing court.

5

An appropriate order follows.

**Dated:** October 17, 2017

                                               s/Renée Marie Bumb
                                               **RENÉE MARIE BUMB**
                                               **United States District Judge**